IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEBORAH ANN JOHNSON, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MIDDLE RIVER REGIONAL )<br>JAIL, *et al.*, )<br>    Defendants. ) | Civil Action No. 7:15cv00668<br><br>By: Elizabeth K. Dillon<br>United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Deborah Ann Johnson, a Virginia inmate proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983, naming only the Middle River Regional Jail and the "Medical Dept." as defendants. To state a cause of action under § 1983, a plaintiff must allege facts indicating that she has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a "person" acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Because neither a jail nor a medical department is a legal entity, they are not "persons" subject to suit under § 1983, and Johnson cannot maintain this action against them.[1] *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (a jail "is not an individual, a corporation, a partnership, or an unincorporated association. Therefore, it lacks the capacity to be sued as a jail."); *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) ("The medical department of a prison may not be

---

[1] The Fourth Circuit has stated that where a *pro se* litigant alleges a cause of action which may be meritorious against persons unknown, the district court should afford the litigant a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise the litigant how to proceed, and direct or permit amendment of the pleadings to bring that person or persons before the court. *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (citing *Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965) (*pro se* plaintiff should be given an opportunity to particularize a potentially viable claim)). However, in this case, the court finds that Johnson's allegations are far too vague to state a cognizable federal claim against any defendant. Accordingly, the court dismisses her complaint without prejudice to her opportunity to refile her claims in a separate action.

sued, because it is not a person within the meaning of § 1983."). Accordingly, the court will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Entered: January 6, 2016.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

2

Case 7:15-cv-00668-EKD-RSB   Document 9   Filed 01/06/16   Page 2 of 2   Pageid#: 37